UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROCKIES EXPRESS PIPELINE, LLC,  )
    Plaintiff,  )
      )
  vs.  )    1:08-cv-0751-RLY-TAB
      )
123.62 ACRES, et al.,  )
    Defendants.  )

**ENTRY GRANTING PLAINTIFF'S MOTION FOR AN ORDER CONFIRMING CONDEMNATION AUTHORITY**

Plaintiff, Rockies Express Pipeline LLC ("REX"), moves for an order confirming that it has the substantive right to condemn the Right-of-Way Servitudes identified in its Verified Complaint for Condemnation of Pipeline Right-of-Way Servitudes. For the reasons explained below, REX's motion is **GRANTED**.

REX is a natural gas company and is constructing a pipeline through Missouri, Illinois, Indiana and Ohio ("REX East"). The Federal Regulatory Commission ("FERC") has granted REX a Certificate of Public Convenience and Necessity ("FERC Certificate"). 15 U.S.C. § 717f(c). As the holder of a FERC Certificate, REX is accorded rights of eminent domain by 15 U.S.C. § 717f(h):

> (h) Right of eminent domain for construction of pipelines, etc.
>
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of

1

>  natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. . . .

The court's jurisdiction in a case brought under Section 7(h) of the Natural Gas Act "is limited to evaluating the scope of the FERC Certificate and ordering condemnation as authorized by that certificate." *Guardian Pipeline, LLC v. 529.42 Acres of Land*, 210 F.Supp.2d 971, 974 (N.D. Ill. 2002) (citations omitted). "The validity and conditions of the FERC Certificate cannot be collaterally attacked in district court." *Id*. As review of the FERC Certificate "is the exclusive province of the appropriate court of appeals," the "court's role is mere enforcement." *Id*.

Rule 71.1 governs condemnation proceedings of this nature. Such proceedings are typically bifurcated, "first determining whether the party has a legal right to condemn and then determining compensation." *Rockies Express Pipeline LLC v. 77.620 Acres More or Less*, Cause No. 3:08-cv-3127-RM-BGC, slip op. at 3 (C.D. Ill. Feb. 15, 2008) (citing *N. Border Pipeline Co. v. 64.111 Acres of Land*, 344 F.3d 693, 694 (7th Cir. 2003)). In its motion, REX seeks only the legal right to condemn.

Defendants, Bex Farms, Inc. ("Bex"), and J.W. Jones, Materials, Inc. ("Jones"), raise a number of objections. Their first objection is that the offer REX gave them did not provide for the value of the mineral rights in their properties, and was so low that the offer cannot be said to be a good faith offer. In fact, both contend their properties are

worth approximately 100 times the amount REX offered.

The courts are split as to whether the Natural Gas Act requires that the condemnor negotiate in good faith[1] with a landowner as a prerequisite to exercising its powers of eminent domain. *See Guardian Pipeline, L.L.C. v. 295.45 Acres of Land*, 2008 WL 1751358, at * 14 (E.D. Wis. April 11, 2008) (collecting cases). To the extent that there is such a good faith requirement, district courts in the Seventh Circuit have found that a single offer may be sufficient to satisfy this requirement. *Id*. at *17; *Rockies Express Pipeline*, Cause No. 3:08-cv-3127-RM-BGC, slip op. at 5. There is no dispute that REX did tender both Bex and Jones offers.

Moreover, it appears that although Bex and Jones frame their argument as a failure by REX to engage in good faith negotiations, the heart of their dispute lies in the amount of compensation Bex and Jones believe they are entitled to. Such a dispute is more appropriately raised during the just compensation stage of these proceedings. Therefore, the court rejects Bex's and Jones' argument with respect to REX's lack of good faith negotiations.

Next, Bex asserts that REX must follow Indiana condemnation practice and

---

[1] The court notes, however, that the plain language of 15 U.S.C. § 717f(h) does not require that the holder of a FERC Certification negotiate in good faith with a landowner before acquiring the land by eminent domain. *See Guardian Pipeline*, 210 F.Supp.2d at 973 ("[T]he statutes have no such specific [good faith] requirement and we are unaware of any case in which condemnation has been denied or even delayed because of an alleged failure to engage in good faith negotiations."). Rather, it requires a FERC Certificate holder to show that it has been unable to acquire the property by contract or unable to agree with the landowner on compensation to be paid for the property.

procedure, and that because REX did not, its motion for confirmation must be denied. Bex's argument stems from the last sentence of 15 U.S.C. § 717f(h), known as the conformity clause, which provides, in relevant part:

> The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated . . . .

Bex's argument has been explicitly rejected by the Seventh Circuit in *Northern Border Pipeline Co., supra*. The Court determined that Rule 71.1A(h) of the Federal Rules of Civil Procedure conflicts with Section 717f(h), and that, pursuant to the Rules Enabling Act, the statutory rule "'shall be of no further force or effect.'" *Id*. at 694 (citing 28 U.S.C. § 2072(b)); *see also East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004) ("Courts, including the district court here, agree that this state procedure requirement has been superseded by Rule 71A."); *Southern Natural Gas Co. v. Land, Cullman County*, 197 F.3d 1368, 1375 (11th Cir. 1999) ("It is clear to us that Rule 71A was promulgated to override a number of confusing federal eminent domain practice and procedure provisions, such as that of 15 U.S.C. § 717f(h), and to provide a unified and coherent set of rules and procedures to be used in deciding eminent domain actions."). Accordingly, REX was not required to comply with Indiana condemnation law, and thus, Bex's argument is without merit.

Jones raises two more objections to REX's motion. First, Jones questions whether REX has a substantive right to immediate possession to its property. Courts in this circuit

that have addressed this issue have generally found that once a natural gas company's condemnation authority is confirmed, its right to immediate possession follows. *See N. Border Pipeline Co. v. 164.111 Acres of Land*, 125 F.Supp.2d 299, 301 (N.D. Ill. 2000) ("Plaintiff became entitled to possession of the property in September 2000, when we entered judgment of condemnation in its favor on the last disputed tract."); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 978-79 (N.D. Ill. 2002) (citing the court's inherent equitable power to order immediate possession following order granting condemnation authority); *ANR Pipeline Co. v. 11.66 Acres of Land*, 2006 WL 1277913, at *1 (E.D. Wis. May 5, 2006) (finding that once the ANR's motion to confirm the condemnation was granted, "an injunction granting ANR immediate possession" should likewise be granted); *Guardian Pipeline*, 2008 WL 1751358, at *1 (same); *Vector Pipeline, L.P. v. 68.55 Acres of Land*, 157 F.Supp.2d 949, 951 (N.D. Ill. 2001) (noting that following summary judgment in favor of pipeline, and following the appointment of a commission to determine just compensation, court granted immediate possession); *see also ANR Pipeline v. Acres of Land*, 2004 WL 421527, at *1 (N.D. Ill. Feb. 24, 2004) ("There is no requirement that the compensation be paid before possession is taken[,] only that a reasonable and adequate provision for obtaining compensation after the taking exists."). As Jones' argument has been rejected by other courts in this circuit, the court sees no reason to diverge from this precedent.

Lastly, Jones argues that access rights sought by REX are "too broad" and asserts the FERC Certificate does not grant REX the right to condemn for "future access to

protect, repair, upkeep and maintain the pipeline." (Jones Response at 4-5). The FERC Certificate, however, clearly reflects that REX's right to condemn property interests arises from 15 U.S.C. § 717f(h). (Verified Complaint, Appendix E to Exhibit A, ¶ 4). That right is not limited to acquiring the property interests needed to "construct" REX East. As 15 U.S.C. § 717f(h) provides, REX's power to condemn also extends to securing property interests necessary for REX to "operate, and maintain" REX East in the future. Thus, Jones' claim that the access rights REX seeks to condemn are "too broad" is without merit.

Accordingly, and for the reasons set forth above, the court hereby **GRANTS** Plaintiff's Motion for an Order Confirming Condemnation Authority (Docket # 429).

**SO ORDERED** this  1st   day of October 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Seamus P. Boyce
CHURCH CHURCH HITTLE & ANTRIM
spboyce@cchalaw.com

Abigail B. Cella
ICE MILLER LLP
abby.cella@icemiller.com

Joseph W. Hammes
TABBERT HAHN EARNEST & WEDDLE LLP
chris@tabberthahn.com

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
jhendel@hhclaw.com

Robert Srader Hulett
HACKMAN HULETT & CRACRAFT LLP
rhulett@hhclaw.com

Jason M. Massaro
TABBERT HAHN EARNEST & WEDDLE, LLP
jmassaro@tabberthahn.com

Philip B. McKiernan
HACKMAN HULETT & CRACRAFT, LLP
pmckiernan@hhclaw.com

H. Wayne Phears
PHEARS & MOLDOVAN
wphears@pmlawfirm.com

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Anthony Seaton Ridolfo Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com

Jessica Erin Routley
AZO SERVICES INC.
jroutley@azoservices.com

Thomas R. Ruge
LEWIS & KAPPES
truge@lewis-kappes.com

Philip David Sever
SEVER STOREY LLP
phil@severstorey.com

Tonny D. Storey
SEVER-STOREY LLP
tonny@severstorey.com

Zeff A. Weiss
ICE MILLER LLP
weiss@icemiller.com

Copy to:

Joan Tupin-Crites
500 Washington Street
P.O. Box 929
Columbus, IN 47202-0929