UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROCKIES EXPRESS PIPELINE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-00751-RLY-DML |
| | ) | |
| ARVIN M. HOPKINS, 131.495 ACRES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# Order on Motion in Limine Regarding General Evidentiary Matters, Dkt. 921 (As to Donald E. Bates Parcel Only)

This matter is before the court on a motion in limine filed by plaintiff Rockies Express Pipeline, LLC ("REX") to prohibit landowner Donald E. Bates, his counsel, and all witnesses from making statements or introducing testimony or exhibits at the compensation hearing scheduled for May 14-15, 2012, relating to the following issues:

1. Any offers to buy or sell the Subject Property.
2. Settlement offers made to defendant Donald Bates.
3. Settlement offers made to other landowners.
4. Evidence, written or oral, that may have formed a basis of any settlement offer made or intended to be made by REX to the Landowner, or any other information used by or for REX, its employees, or agents that may have been used in any manner to form the basis of such settlement offers.
5. Profits earned or projected to be earned by REX as a result of constructing the REX pipeline.

6. Costs incurred by REX to pay for land or to construct the REX pipeline.
7. Evidence tending to suggest that attorneys' fees or other costs of litigation should be considered in determining the total amount of compensation to which Landowner is entitled.
8. Evidence of real estate sales that occurred after the date of take.

Mr. Bates did not file a response to REX's motion. Having considered REX's arguments, the court makes the following rulings in limine.

1. *Offers to buy or sell the Subject Property.* The court agrees that the proposed purchase price in an offer to buy or sell real estate is not a reliable measure of its value, and GRANTS the motion in limine to exclude evidence of offers to buy or sell property to the extent that they are being offered as evidence of market value. *See State v. Lincoln Memory Gardens, Inc.*, 177 N.E.2d 655, 658 (Ind. 1961) ("A mere offer to buy or sell property is not a measure of the market value of a similar property. It is incompetent to prove the market value of property because the asking price is only the opinion of one who is not bound by his statement, and is too unreliable to be accepted as a correct test of value."); *Lucre Corp. v. County of Gibson*, 657 N.E.2d 150, 153-54 (Ind. Ct. App. 1995) (mere offer to sell "is properly excluded as evidence of value").

2. *Settlement offers to Mr. Bates and other landowners, settlement discussions, and evidence "forming a basis" of a settlement offer*. Negotiations and offers of settlement or compromise, whether between REX and Mr. Bates or REX and another landowner, are inadmissible under Fed. R. Evid. 408, and REX's motion in limine is GRANTED to the extent that a settlement offer or settlement discussion were to be offered into evidence "to prove liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408. *See also Winchester*

*Packaging, Inc. v. Mobil Chemical Co.,* 14 F.3d 316, 320 (7th Cir. 1994) ("The settlement of legal disputes out of court would be discouraged if settlement offers and other documents in settlement negotiations were admissible in evidence."). However, statements made in the context of negotiations or settlement offers may be admissible for other purposes—for example, to the extent that they are factual assertions. Thus, the court will not make a pretrial ruling excluding all "evidence, written or oral, that may have formed a basis of any settlement offer" or "any other information used by or for REX" to form the basis of a settlement offer. The content, context, and purpose for which such evidence might be offered are necessary to determine its admissibility.

3. *REX's costs or profits.* The court GRANTS REX's motion in limine to exclude evidence of its costs in acquiring land or constructing the pipeline and evidence of its profits or projected profits from pipeline operations. Such information has no bearing on the fair market value of the subject property. *Chambers v. PSI,* 355 N.E.2d 781, 785 (Ind. 1976) ("The amount budgeted [by the condemnor to acquire property] does not logically tend to prove what a reasonable value for the property is and therefore is irrelevant."); *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 518 F.3d 459, 467 (7th Cir. 2008) ("Compensation in eminent domain cases is only for the value lost to the owner, not the benefit gained by the condemnor.").

4. *Evidence that attorneys' fees or costs should be considered in valuing the property taken.* The court GRANTS REX's motion in limine to exclude evidence of attorneys' fees or costs incurred by Mr. Bates. That information has no bearing on the fair market value of the subject property. Any ability to recover attorneys' fees or costs is a matter that, if necessary and appropriate under governing law, will be separately determined by the court.

5. *Evidence of real estate sales that occurred after the date of the take.* The court DENIES REX's motion in limine to exclude any evidence of real estate sales that occurred after the date of the take. Without content and context, the court cannot make a pretrial ruling that *all* sales post-dating the date of take are irrelevant to value. Real estate sales relatively close in time to the date of the take, even if post-dating it, may be among the facts and data that real estate appraisers normally consider competent and reliable indicators of value. *See* Fed. R. Evid. 703. *See also Gradison v. State,* 300 N.E.2d 67, 76-77 and 79 (Ind. 1973) (discussing bases for expert's valuation opinion as including comparable sales years after the take, and separately noting that comparable sales offered independently of an expert's opinion may, where the sales occur sufficiently near in point of time of the date of take, competently tend to prove the value of the land taken).

**Conclusion**

REX's "Motion in Limine to Exclude Evidence of Particular Matters" (Dkt. 921) is GRANTED in PART and DENIED in PART as provided in this order.

So ORDERED.

Date: 04/18/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record