UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCKIES EXPRESS PIPELINE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-cv-00751-RLY-DML |
| | ) |
| ARVIN M. HOPKINS, 131.495 ACRES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## Order on Motion in Limine Regarding 500-Foot Setback (Dkt. 926) and on Motion to Strike (Dkt. 944)

### (Donald E. Bates Parcel Only)

Plaintiff Rockies Express Pipeline, LLC ("REX") has filed a motion in limine requesting an order prohibiting the landowner's reference at the compensation hearing to a 500-foot setback provision included in a county zoning ordinance. After all briefing contemplated by the court's local rule was complete, and without seeking leave to do so, the landowner-defendant Donald E. Bates filed a surreply in opposition to REX's motion. REX moves to strike the surreply or, in the alternative, to file its response to the surreply. The court has read and considered Mr. Bates's surreply and REX's response to the surreply and, accordingly, DENIES the motion to strike (Dkt. 944) and permits the filing of REX's response. And though the court does not fully accept the argument upon which REX has based its motion in limine, it agrees that the 500-foot setback provision in Decatur County's ordinance is inapplicable and unenforceable as a matter of law. The court therefore GRANTS the motion in limine (Dkt. 926).

**Introduction**

REX seeks an order in limine prohibiting Mr. Bates, his counsel, and all witnesses—without first obtaining permission of the court outside the presence and hearing of the Commissioners—from making any reference, either directly or indirectly, whether during opening statement, closing argument, interrogation of witnesses, objections, argument, or at any other time during the course of the compensation hearing to the following:

> 1. Portions (the third sentence) of the December 22, 2010 letter from David Neuman, Director and Building Commissioner of the Decatur County Area Plan Commission, to the Landowner, setting forth his opinion of the existence of a 500-foot setback and his interpretation of Decatur County Ordinance § 2518.
>
> 2. Any testimony from David Neuman, Director and Building Commissioner of the Decatur County Area Plan Commission, regarding his opinion of the existence of a 500-foot setback or the appropriate interpretation of Decatur County Zoning Ordinance § 2518.

Dkt. 926, at pp. 1-2.

Decatur County Zoning Ordinance section 2518 reads in part:

> When a six inch (6") or larger underground gas line is being installed, it shall be required to maintain a five hundred foot (500') setback from any structure that is not receiving service from the line. Said six inch (6") or larger underground gas line shall be buried so that the line is located five feet (5') deep from the ground surface to the top of the gas line pipe.

**Analysis**

Mr. Bates's damages theory rests in part on his assertion that REX's condemnation of portions of his property for the Easements has rendered his residual property less valuable because it is no longer suitable as residential development property which, according to Mr. Bates, was its highest and best use at the time of condemnation. This damages theory depends on an interpretation of Decatur County Ordinance section 2518 that Mr. Bates claims Mr. Neuman gave in the above-referenced letter and as to which he might testify at the hearing.

The natural gas pipeline installed by REX within its Easements is 6 inches in diameter or larger. For that reason, Mr. Bates contends (based on statements from Mr. Neuman to him, including a statement in the December 22, 2010 letter) that no structures can be built on his property anywhere within 500 feet of the underground pipeline. This means, says Mr. Bates, that a residential development he has had in mind for his property (and which he maintains is its highest and best use) is no longer feasible for the property.

REX seeks to prohibit Mr. Bates (or anyone else) from relying on statements from Mr. Neuman regarding the meaning of section 2518 or its applicability to Mr. Bates's property on the ground that the meaning and application of section 2518 is a question of law for the court. It argues as an evidentiary principle—and without regard to how section 2518 should be interpreted—that the Commissioners should not hear this evidence. The court does not adopt the broad evidentiary proposition REX urges. Nevertheless, under the circumstances presented here, the meaning and application of section 2518 are questions of law that not only must be determined by the court, but already have been determined by the court. It would therefore be improper for the Commissioners to be presented with the views of a Decatur County employee who apparently has voiced an opinion at odds (1) with a court order that binds Decatur County and (2) with a reasonable construction of section 2518.

**A. It is sometimes appropriate for the factfinder to hear evidence that includes a witness's assessment of the meaning and application of zoning ordinances.**

The court does not agree that the applicability of a zoning ordinance and its effect on the value of property in an eminent domain case is the sole province of the court. Expert real estate appraisers fairly routinely, as part of their determination of the highest and best use of property, consider whether a use is legally permissible vis-a-vis zoning ordinances, and they do so without obtaining a court decree ratifying their judgment. After all, highest and best use is a matter on

3

which appraisers opine as a matter of their expert judgment, and the definition they employ generally includes consideration of use "which is physically possible, legally permissible, financially feasible, and maximally productive." *See Guardian Pipeline, L.L.C. v. 950.80 Acres of Land,* 2002 WL 1058833 at *2 (N.D. Ill. May 24, 2002). The court can imagine circumstances where it is appropriate for an expert appraiser to consult a local government official familiar with the county's zoning ordinances and requirements for input regarding the applicability of particular ordinances and their effect on uses of the property. And there is no broad prohibition that would prevent that appraiser from explaining as part of her testimony that she discussed the permissible (and impermissible) uses of the property with a local official responsible for recommending the issuance of building permits.

      Rather, the cases upon which REX relies merely demonstrate that where the meaning of a zoning ordinance is at issue, the question is one of statutory construction for the court. Those cases are not eminent domain valuation cases and do not address zoning issues within the context of highest and best use inquiries and opinions. In *Flying J., Inc. v. City of New Haven, Board of Zoning Appeals,* 855 N.E.2d 1035 (Ind. Ct. App. 2006), a landowner challenged a local zoning board's application of a zoning ordinance to his property. The meaning of the ordinance was for the court to decide, consistent with a court's task to discern legislative intent in construing any legislative enactment. REX's other case, *Utility Center, Inc. v. City of Ft. Wayne,* 868 N.E.2d 453 (Ind. 2007), also concerned a city's authority under a particular statute and the statute's proper construction was the matter at issue. The Indiana Supreme Court ruled that in discerning the intent of the legislature, statutory language and other aids to statutory construction were appropriate, but that the views of an individual legislator on the meaning of the legislation were irrelevant to deciding legislative intent. *Id.* at 459.

### B. The application of section 2518 is, under the circumstances presented here, a question of law for the court.

This is not one of those cases of which the court could conceive that an expert witness might testify about routine application of a zoning ordinance as it relates to highest and best use or fair market value. It instead involves fundamental questions about whether section 2518 could apply to Mr. Bates's contemplated use of his property and whether Decatur County could enforce section 2518 as Mr. Bates claims it would. That is a question of law, not unlike the questions at issue in the *Flying J* and *Utility Center* decisions. But what is even more compelling here is that this court has already ruled on that question of law.

Mr. Neuman (and apparently Mr. Bates and other witnesses for Mr. Bates) wish to offer evidence of a meaning or application of section 2518 that is inconsistent with and contrary to the construction this court already decreed in a lawsuit in which the County of Decatur, Indiana, the Decatur County Board of Commissioners, and the Decatur County Plan Commission were parties. *See Rockies Express Pipeline LLC v. The County of Decatur, Indiana et al.,* Case No. 1:08-cv-1149-RLY-JMS Dkt. 32 (the "Zoning Construction Case"). In the Zoning Construction Case, Chief Judge Young entered a permanent injunction that enjoined the Defendants and their employees and agents (which would include Mr. Neuman) from "Enforcing the Decatur County Zoning Ordinance, or any other resolution or regulation which establishes a requirement affecting the route of REX EAST, including but not limited to the five hundred foot (500) setback . . . contained in 2518 . . . adopted by the Defendants in 2007." *Id.* (Dkt. 22 at p. 7). The court also entered an Agreed Final Judgment on June 9, 2009, which decreed in part that section 2518, by its terms, "only requires satisfaction of its setback and depth requirements when a person installs an underground gas line that will not be used to serve any structure in Decatur

5

County" and [these] requirements are not applicable in any other context." *Id.* (Dkt. 32, ¶ 11 at p. 4).

Mr. Neuman's statements or opinions, as expressed in his December 22, 2010 letter or otherwise, that the 500 foot setback requirement applies to Mr. Bates's property and may require Mr. Bates to refrain from constructing housing or other structures inside 500 feet of REX's now-installed pipeline, are contrary to the construction of the Zoning Ordinance that binds Decatur County, its Board of Commissioners, its Plan Commission, and all its employees and agents, and to the permanent injunction issued by the court in Case No. 08-1149.

Three additional points merit discussion.

First, Mr. Bates has not established that Mr. Neuman is the decision-maker with regard to the application of section 2518, and any statement of his opinion about the application of section 2518 could be significantly misleading to the Commissioners.

Second, Mr. Bates's suggestion that Decatur County could, consistent with Chief Judge Young's rulings, still enforce the 500-foot setback against Mr. Bates even though it could not enforce it against REX, does not withstand scrutiny. Chief Judge Young specifically enjoined the enforcement of section 2518 by Decatur County. (*See* Dkt. 22 in Case No. 08-1149, at p. 7). Although he did so primarily on principles of federal regulatory law and the FERC Certificate issued to REX, the rationale is equally applicable here. Underlying Chief Judge Young's determination that section 2518 would interfere with the route of the pipeline is the common sense understanding that section 2518 would have made the easement acquisition costs for REX prohibitive, thereby forcing REX to alter the pipeline route. For Mr. Neuman or Decatur County now to enforce the 500-foot setback against the landowners is inconsistent with Chief Judge Young's orders. It would allow a county zoning ordinance to impose exorbitant

6

acquisition costs on REX, or have forced REX to change the route to one with the least proximity to existing structures or probable future structures.  Decatur County cannot accomplish through supposed enforcement against landowners what it was prohibited from doing through enforcement against REX.

Third, the court notes that section 2518, even if it were enforceable, applies by its terms only when an "underground gas line *is being* installed."  The ordinance was clearly directed to REX's planned construction and has no application to subsequent non-gas line construction by the landowner.

## Conclusion

REX's motion (Dkt. 944) to strike Mr. Bates's response to REX's reply brief is DENIED. The court has also considered REX's response to Mr. Bates's response and the clerk is directed to file REX's brief, at Dkt. 944-1.

REX's motion in limine (Dkt. 926) regarding the 500-foot setback is GRANTED. Mr. Bates, his counsel, and all witnesses—without first obtaining permission of the court outside the presence and hearing of the Commissioners—are prohibited from making any reference, either directly or indirectly, whether during opening statement, closing argument, interrogation of witnesses, objections, argument, or at any other time during the course of the compensation hearing—to:  An opinion or assertion by David Neuman, Director and Building Commissioner of the Decatur County Area Plan Commission, including by way of testimony and as contained in the third sentence of a December 22, 2010 letter authored by Mr. Neuman, of the meaning or interpretation of the 500-foot setback provision of Decatur County Ordinance Section 2518.

So ORDERED.

Date: 05/09/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.